Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| DEMETRIO JR MADERA MARTÍNEZ<br><br>Demandante Apelante<br><br>v.<br><br>DEWIN MARTÍNEZ RAMÍREZ<br><br>Demandado Apelado | KLAN202400826 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Germán<br><br>Civil Núm.: SG2021CV00560<br><br>Sobre: Sentencia Declaratoria |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de octubre de 2024.

Comparece el señor Demetrio Junior Madera Martínez (señor Madera Martínez o apelante) mediante recurso de apelación y solicita que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Superior de San Germán, emitida el 7 de agosto de 2024. En dicho dictamen, se confirmó la *Sentencia* emitida el 26 de marzo de 2024 y añadió que el apelante no cumple con los criterios de la tercería registral. Por los fundamentos que expondremos, confirmamos la *Resolución* recurrida.

En síntesis, el caso de epígrafe trata de una demanda en la cual se le solicitó al foro primario una sentencia declaratoria sobre uso exclusivo de una servidumbre de paso. Según el expediente, el 4 de octubre de 1988 el señor Demetrio Madera Ruiz (señor Madera Ruiz)

Número Identificador

SEN2024 _____

adquirió la finca Núm. 9264 mediante la Escritura Núm. Ciento Seis (106) de Compraventa. Dicha finca tiene acceso a la vía pública, por el lado norte, mediante una porción de terreno y tiene una medida de diez (10) metros de ancho. Posteriormente, el señor Madera Ruiz obtuvo el 14 de marzo de 1998 del señor Aníbal Santiago Rodríguez la finca Núm. 17168 mediante la Escritura Núm. Cuarenta y Uno (41). El señor Santiago Rodríguez, de su parte, adquirió tal finca el 14 de marzo de 1998 mediante Escritura de Segregación y División de Comunidad ante el Notario Carlos I. Acevedo Semidey (Notario Acevedo Semidey). Ambas fincas colindan entre sí mediante el lindero norte y sur, respectivamente.

No obstante, ese mismo día, el señor Madera Ruiz y su esposa, la señora María Amelia Martínez Ramírez (señora Martínez Ramírez) le venden al señor Dewin Martínez Ramírez (señor Martínez Ramírez o apelado) y a la señora Ofelia Lugo Bonilla (señora Lugo Bonilla) la finca Núm. 17168 mediante la Escritura Núm. Cuarenta y Dos (42) de Compraventa ante el Notario Acevedo Semidey. En tal escritura surge una constitución de servidumbre de paso a través de todo el lado este de la finca y cual tiene diez (10) metros de ancho por ochenta y tres punto ochenta y cuatro (83.84) metros de largo. Asimismo, la escritura dispone que la finca será el predio dominante y que la propiedad restante del señor Madera Ruiz y la señora Martínez Ramírez—es decir, la finca Núm. 9264—será el predio sirviente. La información antes descrita también aparece en la Certificación de Propiedad Inmueble de finca Núm. 17168, expedida el 12 de marzo de 2024, y en la cual se consta que tales datos se inscribieron en el Folio ochenta y cinco (85)

del Tomo quinientos diecinueve (519) del Registro de la Propiedad, Sección I de San Germán.

El 16 de marzo de 2019, el señor Madera Martínez obtuvo la finca Núm. 9264 mediante la Escritura Núm. Siete (7) ante el Notario Michael Rivera Irizarry (Notario Rivera Irizarry). En tal escritura aparece que la finca tiene lindes por el norte, con los solares "A" y "B" y área de uso público, y que por el este colinda con terrenos de un tercero. Más adelante, la misma escritura dispone que existe una servidumbre a favor de la Autoridad de Energía Eléctrica de Puerto Rico (AEE) mediante certificación expedida el 13 de noviembre de 1990 e inscrita en el Registro de la Propiedad. Por último, dicha escritura da fe de haberle advertido al señor Madera Martínez sobre su derecho a examinar el Registro de la Propiedad, a obtener una Certificación de Propiedad Inmueble u obtener un estudio de título, más que las expresiones de cargas y gravámenes sobre la propiedad se efectuó a tenor con la información provista por las partes otorgantes y los documentos exhibidos al Notario Rivera Irizarry.

Los folios de la finca que aparecen en el sistema registral digital, KARIBE, igualmente disponen sobre la servidumbre y los detalles de colindancia expresadas en la Escritura Núm. Siete (7), sin mencionar otra servidumbre de paso. Sin embargo, una certificación del Alcalde de San Germán, expedida el 21 de junio de 2023, confirma que la finca Núm. 9264 no tiene servidumbre de paso o camino registrado en los mapas o a nombre del municipio. El señor Madera Martínez omitió presentar una Certificación de Propiedad Inmueble de su finca.

En vista de lo anterior, el señor Madera Martínez demandó al señor Martínez Ramírez por este último obstruir el paso en controversia

con varios objetos. En su respuesta, el señor Martínez Ramírez explicó que existe una servidumbre de paso a su favor, por lo cual el poseedor del predio sirviente no puede por ley solicitar exclusividad en el uso de la servidumbre. En consecuencia, el foro primario realizó una inspección ocular, celebró juicio en su fondo, permitió que se sometiera el caso por el expediente y ordenó que se sometiera una Certificación de Propiedad Inmueble de la finca Núm. 17168 y los folios digitalizados de la finca Núm. 9264, entre otras instrucciones. Evaluada toda la documentación presentada, el foro primario concluyó que la finca del señor Martínez Ramírez es la dominante y, por efecto, desestimó la demanda. Ante la solicitud de reconsideración, determinación de hechos y conclusiones de derecho adicionales del señor Madera Martínez, el foro primario declaró sin lugar y añadió que el apelante no cumple con los criterios para ser protegido por la doctrina del tercero registral.

Insatisfecho, el apelante recurre ante este Tribunal y alega que el foro primario erró (1) al determinar que el señor Madera Martínez no cumple con los requisitos de un tercero registral por los actos jurídicos realizados por su padre; y (2) al establecer en su *Sentencia* la existencia de una servidumbre sin estar debidamente registrada. La parte apelada no presentó su alegato aun cuando se le dio la oportunidad.

Vale recodar que una sentencia declaratoria es un mecanismo remedial y profiláctico que permite a cualquier parte interesada anticipar la dilucidación de los méritos ante los tribunales, pero solo mientras exista un peligro potencial contra quien la solicita. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020) (citando a *Senado de PR v. ELA*, 203 DPR 62 (2019)). Para que un Tribunal pueda emitir una

sentencia declaratoria, el solicitante debe demostrar que existe una controversia sustancial entre las partes que tengan intereses legales adversos, de suficiente inmediación, madurez y realidad. *Romero Barceló v. ELA*, 169 DPR 460 (2006) (citando a *Sánchez et al. v. Srio. De Justicia et al.,* 157 DPR 360 (2002)). De hecho, el promovente debe demostrar que (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso; (3) existe una conexión entre el daño sufrido y la causa de acción ejercitada; y (4) la causa de acción surge al palio de la Constitución o de una ley. Íd. (citando a *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727 (2022); *Ramos, Méndez v. García García*, 203 DPR 379 (2019); *Bathia Gautier v. Gobernador*, 199 DPR 59 (2017)).

En vista de ello, la sentencia declaratoria descansa en la sana, pero limitada, discreción del Tribunal. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360 (2002) (citando a *Moscoso v. Rivera*, *supra*). De la acción ser contra un funcionario gubernamental, los criterios de legitimación activa deben interpretarse de manera flexible y liberal para la parte promovente. *Amadeo Ocasio et al. v. Gobernador et al.*, *supra* (citando a *Ramos, Méndez v. García García*, *supra*; *Bathia Gautier v. Gobernador*, *supra*; *Asoc. de Maestros v. Srio. de Educación*, 156 DPR 754 (2002)).

Por otra parte, un tercero registral es aquel sujeto protegido por la fe pública registral cuando este confía en el contenido inexacto del Registro de la Propiedad. J.O. Sepúlveda Rodríguez, *La fe pública registral: Posible protección de la tercería registral a los titulares de derechos personales inscritos*, 50 Rev. Jur. UIPR 201 (2016). Ahora bien, para que se configure la protección del tercero, quien sea un titular

afectado debe demostrar que reúne todos los siguientes requisitos: (1) ser tercero civil adquirente; (2) de un derecho real; (3) mediante un negocio jurídico inter vivos válido; (4) a título oneroso; (5) de quien en el Registro tenga por lo menos su derecho presentado; (6) sin que del Registro surja expresamente información o datos relativos a la inexactitud registral; (7) como tenedor de buena fe en el momento de la adquisición; y (8) cuyo derecho consta inscrito, a su vez, en el Registro. Art. 35 de la Ley Núm. 210-2015 (30 LPRA sec. 6050); *Banco de Santander v. Rosario Cirino*, 126 DPR 591 (1990). De igual forma, la *Ley Hipotecaria* establece la presunción rebatible de buena fe del adquirente, siempre que este haya actuado con una mínima dosis de diligencia y mientras no se pruebe que al adquirir conocía la falta de exactitud del Registro. Art. 35 de la Ley Núm. 210-2015, *supra*.

A esos efectos, la servidumbre es el derecho real limitado que recae sobre una finca sirviente en beneficio de otra finca dominante. Art. 935 del Código Civil de 2020, 31 LPRA sec. 8501. En específico, las servidumbres de paso, particularmente las de anchura, podrán establecerse cuando el titular de un derecho de propiedad o de derechos reales posesorios de una finca sin salida o con salida insuficiente a una vía pública les exige a sus vecinos el acceso a ella. Íd., sec. 8542. De querer exigirse tal servidumbre de paso, este debe darse por el punto menos perjudicial o incómodo para la finca sirviente y, si es compatible, por el punto más beneficioso para la finca dominante. Íd., sec. 8547.

No obstante, las servidumbres deberán constituirse mediante el titular del derecho de propiedad o de los derechos reales posesorios sobre la finca dominante o la finca sirviente. Íd., sec. 8507. Tal constitución podrá efectuarse por (1) negocio jurídico celebrado

voluntaria o forzosamente; (2) sentencia, cuando se trata de una servidumbre forzosa en los casos y las condiciones previstas en la ley y el obligado a constituirla se niega a hacerlo voluntariamente; y (3) usucapión. De manera clarificadora, las servidumbres de paso solo pueden constituirse mediante negocio jurídico. Íd., sec. 8523. Además, las servidumbres se harán constar mediante asiento de inscripción en la finca o derecho sobre el que recaigan para que tales gocen de publicidad registral, y también deberán hacerse constar mediante nota al margen de la inscripción del predio dominante. Art. 24 de la Ley Núm. 210-2015 (30 LPRA sec. 6039). Véase, también, Art. 83 de la Ley Núm. 198 de 8 de agosto de 1979 (30 LPRA ant. sec. 2304). No serán inscribibles las servidumbres impuestas por ley que tienen por objeto la utilidad pública comunal. Art. 15 de la Ley Núm. 210-2015 (30 LPRA sec. 6022). Véase, también, Art. 39 de la Ley Núm. 198 de 8 de agosto de 1979 (30 LPRA ant. sec. 2202).

En el presente caso, el Tribunal de Primera Instancia actuó correctamente al denegar al apelante la protección de la tercería registral. Aunque del expediente se desprende que la finca Núm. 9264 no tiene inscrita, en los términos de la *Ley Hipotecaria* de 1979 y 2015, la servidumbre de paso en controversia, tal información proviene de folios adquiridos mediante KARIBE y de las copias de las escrituras de compraventa e hipoteca; es decir, el apelante no proveyó una Certificación de Propiedad Inmueble expedida por el Registro de la Propiedad. El señor Madera Martínez omitió presentar en su demanda y en mociones posteriores la referida Certificación de Propiedad Inmueble, e igualmente falló en detallar si el estudio de título hecho por el Notario Rivera Irizarry en la Escritura Núm. Siete (7) incluyó tal

Certificación. En otras palabras, el apelante no evidenció haber ejercido diligencia suficiente al comprar la finca Núm. 9264 y, por virtud de tal falta de diligencia, incumplió con el requisito de adquiriente de buena fe requerido para la protección de tercero registral. Es decir, al no establecer mediante Certificación de Propiedad Inmueble la existencia o inexistencia de la servidumbre de paso en controversia y al no cumplir con todos los criterios de la tercería registral, el señor Madera Martínez no tiene derecho a dicha protección. Por el contrario, el señor Martínez Ramírez presentó una Certificación de Propiedad Inmueble de la finca Núm. 17168 expedido por el Registro de la Propiedad, así demostrando la constitución de la servidumbre de paso a su favor—y la finca del señor Madera Martínez como predio sirviente—y lo fundamental que es adquirir la información certificada de un inmueble.

Por los fundamentos expresados, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones